**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SARFROZ KARIM MAKNOJIA, | No. 09-72855 |
| Petitioner, | Agency No. A099-468-201 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 9, 2014[**]
San Francisco, California

Before: TALLMAN and CLIFTON, Circuit Judges, and DUFFY, District Judge.[***]

Sarfroz Karim Maknojia, a native and citizen of India, petitions for review

of the Board of Immigration Appeals' (BIA) dismissal of his appeal from an

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Kevin Thomas Duffy, District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

Immigration Judge's (IJ) denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). "We review the BIA's findings of fact, including credibility findings, for substantial evidence and uphold the BIA's findings unless the evidence compels a contrary result." *Jie Cui v. Holder*, 712 F.3d 1332, 1336 (9th Cir. 2013) (citation omitted). Because Maknojia submitted his asylum application after May 11, 2005, we also apply the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

Maknojia is not entitled to asylum. The IJ concluded, and the BIA agreed, that Maknojia failed to establish that he filed his asylum application within one year of his arrival in the United States. *See* 8 U.S.C. § 1158(a)(2)(B). He also failed to show changed or extraordinary circumstances that would excuse his delayed filing. *See* 8 U.S.C. § 1158(a)(2)(D). On appeal, Maknojia has expressly abandoned any argument on this issue.

Maknojia is also not entitled to withholding of removal because substantial evidence supports the BIA's conclusion that Maknojia did not testify credibly. The IJ and BIA found that Maknojia's testimony about his alleged 3-month captivity, his treatment during captivity, and the manner in which he escaped, was vague.

2

Maknojia blames the IJ for his vague responses, asserting that he was never asked for additional details. But it is Maknojia—not the IJ or the government—who "has the burden of proof to establish that [he] . . . satisfies the applicable eligibility requirements." 8 U.S.C. § 1229a(c)(4)(A)(i). Maknojia also tries to excuse his vague testimony by arguing that being forced to beg in the streets of Bombay for three months, after being knocked unconscious and kidnapped, "is not a reasonably memorable experience." This we doubt. Regardless, substantial evidence supports the BIA's conclusion.

Maknojia also failed to present sufficient corroborating evidence to substantiate his vague testimony. *See Jie Cui*, 712 F.3d at 1336 ("If the trier of fact either does not believe the applicant or does not know what to believe, the applicant's failure to corroborate testimony can be fatal to his asylum application." (quoting *Sidhu v. I.N.S.*, 220 F.3d 1085, 1090 (9th Cir. 2000))). Substantial evidence supports the BIA's conclusion that Maknojia could have provided a sworn statement from his father, but did not. According to Maknojia's testimony, his father was either intimately involved with, or had personal knowledge of, virtually every fact supporting his claim. Further, Maknojia had been in frequent

3

contact with his father after leaving India. The corroborating evidence was reasonably obtainable but not provided.[1]

The BIA concluded in the alternative that Maknojia, even if found credible, failed to establish past persecution or a well-founded fear of future persecution on account of a protected ground. Maknojia and his father are Muslims. Mr. Shrivastav, the landlord-antagonist, is Hindu. So too are the local police officers involved in the alleged persecution of Maknojia. Maknojia insists that Shrivastav would not have been able to persecute him, and get away with it, had Shrivastav not been Hindu, like the local police. But Shrivastav's ability to escape prosecution says nothing about his *motive* to persecute Maknojia. And it is the persecutor's motive that informs our "on account of" inquiry. *Parussimova v. Mukasey*, 555 F.3d 734, 739 (9th Cir. 2008). Substantial evidence supports the BIA's conclusion that Shrivastav persecuted Maknojia and his father over a contract dispute, not because Maknojia is Muslim. This conclusion independently precludes withholding of removal.

---

[1] We note that, under the provisions of the REAL ID Act, the IJ could have required reasonably obtainable corroborating evidence even if Maknojia had testified credibly. *See* 8 U.S.C. § 1158(b)(1)(B)(ii) ("Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence.").

Finally, Maknojia is not entitled to relief under the Convention Against Torture. He did not convince the IJ that it is more likely than not he will be tortured based on his father's contract dispute with Shrivastav, and he has not advanced a cogent argument on this point in his briefing on appeal.

Petition for review DENIED.